Reuben D. Nathan, Esq. SBN 208436
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Tel. No.: (949) 270-2798
Fax No.: (949) 209-0303
Email: rnathan@nathanlawpractice.com

Brian J. Kowalski, Esq. SBN 266837
**KOWALSKI EMPLOYMENT LAW CORP.**
1941 California Avenue, #79453
Corona, CA 92877
Tel No: (925) 570-5673
Email: brian@kowalskilawfirm.com

Attorneys for Plaintiffs, ALEXANDER WILKINS and BRITTANY
KUHLEMEIER,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER WILKINS and BRITTANY KUHLEMEIER, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION; and DOES 1–50, inclusive,<br><br>Defendant. | CASE NO.:  2:23-cv-05819<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br><br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

-1-
COMPLAINT

## **INTRODUCTION**

1.      Plaintiffs, ALEXANDER WILKINS and BRITTANY KUHLEMEIER, (herein as, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this civil class action against TARGET CORPORATION and DOES 1–50 (collectively referred to as "TARGET" or "Defendants"), demanding trial by jury, complaining on information and belief as follows.

2.      This Class Action and representative action is brought pursuant to Rule 23 and Labor Code § 2698 *et seq.* (the Private Attorneys General Act of 2004 ("PAGA") for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 194.2, 1197, 1198, and 2802 & 2698, et seq. and California Business and Professions Code sections 17200, et seq.

3.      This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code against the identified group of employees.

## **THE PARTIES**

4.      At all material times, Plaintiff ALEXANDER WILKINS (or "Wilkins") was a resident of the County of Los Angeles in the State of California and was and is employed by TARGET at a location in Los Angeles County, California.

5.      At all material times, Plaintiff BRITTANY KUHLEMEIER (or "Kuhlemeier") was a resident of the County of Tulare in the State of California and was and is employed by TARGET at a location in Tulare County, California.

6.      Wilkins and Kuhlemeier shall collectively be referred to as "Plaintiffs."

7.      TARGET CORPORATION ("TARGET" or "Defendant") was and is, upon information and belief, a Minnesota corporation, and, at all times mentioned herein, whose employees that are the subject of this class action were and are employed in the State of California.   At all material times, TARGET conducted business throughout the State of California.

## JURISDICTION AND VENUE

8.    This Court has personal jurisdiction over Defendants. Defendants employ non-exempt employees within the State of California.

9.    This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff classes, any member of the plaintiff classes is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

10.    Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including Defendants' violations of the California Labor Code, occurred within this District.

## FACTUAL ALLEGATIONS

11.    TARGET hired Mr. Wilkins in or about July 2022 to work as a cashier in its Store# 2479, 5500 West Sunset Blvd., Los Angeles, California. TARGET hired Ms. Kuhlemeier in or around August 29, 2015 as a cashier/guest services. In or around 2019, Ms. Kuhlemeier transferred to the position of security guard and she worked until July 7, 2022 in its Store# 2469, 3308 North Dinuba Blvd., Visalia, California.

12.    At all times during their employment with TARGET, Plaintiffs and all others similarly situated, who are non-exempt employees live and worked in the State of California within 4 years preceding the filing of the complaint to the present date ("Class Members").

13.    Plaintiffs and Class Members have not been reimbursed for necessary business expenses. Necessary business expenses include the pro rata share of expenses

related to purchasing uniforms and the use of personal cell phones while working because use of personal cells phone is a necessary expenditure or loss incurred by Plaintiffs and Class Members in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of TARGET; for example, employees were expected/required to use their personal cell phones for purposes of stocking/inventory/pricing/challenge requests/barcodes/product location in-store and other stores, and assisting customers. TARGET has had and continues to have a policy and practice of not reimbursing Plaintiffs and Class Members for cell phone expenses. Plaintiffs and Class Members are expected to use personal cell phones while working for speaking to managers, co-workers, while surveying customers, to assist customers, and to contact the police. Additionally, TARGET expects Plaintiffs and aggrieved employees to download a "my time" app (for schedule and hours), a Target app (for merchandise locating) and a workday app (for employee profile and digital wage statements). Yet, TARGET provides no cell phone expense reimbursement policy.

14. Additionally, Plaintiffs and the Class Members were required to purchase uniform clothing to wear at TARGET during work. For example, Plaintiffs and the Class Members had to purchase khaki pants, red shirts and belts for work. In fact, TARGET maintains a website called http://www.bullseyeshop.com, where TARGET employees are directed to purchase work uniform clothing for their job. However, Plaintiffs and the aggrieved employees were not reimbursed for business expenses incurred in purchasing new uniforms for work purposes, as TARGET refused and failed to reimburse Plaintiffs and the Class Members for such necessary business expenses incurred by them.

15. TARGET required Plaintiffs and the Class Members to perform work at their store locations while off-the-clock. For example, Plaintiff Wilkins would be required wait at the employee storefront entrance for a Human Resources employee to allow him access into the store. Similarly, night shift employees would be required to

also wait after/before taking meal/rest breaks to be let back into the store by Human Resources employees. TARGET did not compensate Plaintiffs and Class Members for this work performed at their store while off-the-clock.

16.     TARGET failed to provide Plaintiffs and Class Members with the option to receive paper wage statements and/or to furnish, at the time of each payment of wages, an accurate/written itemized wage statement containing all the information set forth in Labor Code 226(a). TARGET fails and refuses to furnish to Plaintiffs and Class Members, at the time of each payment of wages, an accurate and written itemized wage statement.  TARGET's policy and practice violates Labor Code Section 226. Labor Code Section 226 requires TARGET to provide an accurate/written itemized statement with each payment of wages that includes: 1) Gross earnings, 2) Total hours worked, 3) Number of piece rate units earned, 4) Deductions, 5) Net wages, 6) Dates paid for, 7) Name of employee and last four digits of employee's Social Security number, 8) Name and address of the legal entity of the employer, and 9) a list of all hourly rates worked by the employee, up to and exceeding 40 hours per week, in the corresponding period.  Plaintiffs did not receive their meal and rest period premiums on their wage statements, which is a violation of Labor Code Section 226.

17.     Kuhlemeier and all other security guards were denied meal and rest breaks, or were not paid the required one-hour of premium pay for missed meal and rest breaks. In those instances wherein TARGET failed to pay Kuhlemeier and those security guards for missed/shortened/interrupted meal and rest breaks.  Kuhlemeier and other security guards were not compensated at all or only received a portion of wages owed to them for missed/shortened/interrupted meal and rest breaks. During their meal and rest periods, TARGET management consisting of Store Directors, Executive Team Leads, and Team Leaders entered the break room and discussed work related subjects with Plaintiffs, such as tasks completed in their shifts and tasks to be completed during the rest of their shifts. Despite the above-mentioned meal and rest

period violations, TARGET never compensated Kuhlemeier and security guard employees at the regular rate as required by California law for each day on which meal and rest periods were not authorized or permitted.

18.     Under Cal. Lab. Code Section 1198, "the employment of an employee … under conditions of labor prohibited by the [wage] order is unlawful."  Plaintiffs and Class Members are entitled to penalties under Cal. Lab. Code Section 2699(f) based on TARGETS' violation of Wage Order 7-2001, Section 14(a) and Cal. Lab. Code Section 1198.

## CLASS ACTION ALLEGATIONS

19.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated i.e. Class Members, and thus, seek class certification.

20.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

21.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

22.     Plaintiffs propose the following sub-classes be created:

**a) Expense Reimbursement Class**

   All former and current employees that incurred business expenses while working for Defendants in the State of California within four years of filing this complaint to the present date.

//

//

b) **Hourly Employee Class**

All former and current employees that worked for Defendants in an hourly non-exempt position in the State of California within four years of filing this complaint to the present date.

c) **Meal Period Class**

All former and current security guard employees that worked in a shift in excess of five (5) hours for Defendants in an hourly non-exempt position in the State of California within four years of filing this complaint to the present date.

d) **Rest Break Class**

All former and current security guard employees that worked a shift of at least three and one-half (3.5) hours for Defendants in an hourly non-exempt position in the State of California within four years of filing this complaint to the present date.

e) **Wage Statement Penalties Class**

All former and current employees employed by Defendants in an hourly non-exempt position in the State of California beginning one (1) year before the filing of this action and ending when final judgment is entered.

f) **Waiting Time Penalties Class**

All hourly non-exempt employees who separated from their employment with Defendants during the period beginning three (3) years before the filing of this action and ending when final judgment is entered.

g) **Unfair Competition Law (UCL) Class**

All hourly non-exempt Class Members employed by Defendants in California within four years of filing this complaint to the present date.

(collectively hereinafter referred to as the "Class")

23. Excluded from the Class are the defendants in this action, any entity in which the defendants have a controlling interest, any officers, directors, and shareholders of the defendants, and any legal representatives, heirs, successors, and assigns of the defendants.

24. Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

25. There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

    a. <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is unknown to Plaintiffs at this time. However, the Class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b. <u>Typicality</u>: Plaintiffs are qualified to and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

    c. <u>Commonality</u>: Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members.

    d. <u>Adequacy</u>: Plaintiffs are qualified to, and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiffs acknowledge that they have

an obligation to the Court to make known any relationship, conflict, or differences with any Class Member. Plaintiffs' attorneys and proposed Class counsel are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

e. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

26. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

a. Whether Defendants reimbursed Class Members for all necessary business expenses incurred during the discharge of their duties;

b. Whether Defendants failed to pay minimum and/or overtime wages to Class Members for all time worked;

c. Whether Defendant' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

d. Whether Defendants complied with wage statements as required by the California Labor Code; including but not limited to California Labor Code Section 226;

COMPLAINT

e.  Whether Defendants failed to pay final wages to Class Members and is liable for waiting time penalties under California Labor Code section 201, 202, and 203;

f.  Whether Defendants had a policy or practice of not providing meal periods or paying the premium to security guard employees;

g.  Whether Defendants had a policy or practice of not providing rest periods or paying the premium to security guard employees;

h.  Whether Defendant engaged in unlawful or unfair business practices in violation of Business and Professions Code section 17200, et seq.; and

i.  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION
### Violation of California Labor Code section 2800, et seq.
*(Plaintiffs individually, and on behalf of all similarly situated employees, against all Defendants)*
Expense Reimbursement Class

27.  Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 26.

28.  Plaintiffs and Expense Reimbursement Class allege this cause of action against Defendant.

29.  "An employer shall in all cases indemnify his employee for losses caused by the employer' want of ordinary care." (Cal. Labor Code § 2800.)

30.  "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the

COMPLAINT

employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

31. "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

32. California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

33. Defendants owe a duty to Plaintiffs and Class Members to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer. Defendants continue to refuse to reimburse and indemnify Plaintiffs and Class Members for all necessary expenditures and losses incurred by them, including but not limited to cell phone usage and purchasing uniform clothing while performing work for Defendants.

34. Plaintiffs and Expense Reimbursement Class have incurred, and are continuing to incur, necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to Defendants' directions as an employer, which at the time of obeying the directions, Plaintiffs and members of the Expense Reimbursement Class believed to be lawful.

35. The acts and omissions herein violated California Labor Code section 2802(a), and further violates California Labor Code sections 221, 222, 223, and 224. Plaintiffs and Expense Reimbursement Class are entitled to attorney's fees under California Labor Code section 2802(c).

36. Plaintiffs seek reimbursement and indemnification for their and all other Class Members similarly situated for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or obedience to the directions of the defendants as an employer.

37. During the relevant time period, Defendants intentionally and improperly failed to reimburse necessary expenditures to Plaintiffs and members of the Expense Reimbursement Class incurred including but not limited to cell phone usage and purchasing uniform clothing while performing work for Defendants.

38. Under the California Labor Code sections cited herein, Plaintiffs and members of the Expense Reimbursement Class are entitled to recover the necessary expenditures they incurred for the four years preceding the filing of their original Class Action Complaint, plus reasonable attorney's fees and costs under California Labor Code section 2802.

39. By virtue of Defendants' unlawful failure to reimburse necessary expenditures Plaintiffs and members of the Expense Reimbursement Class incurred, Plaintiffs and members of the Expense Reimbursement Class have incurred damages in amounts presently unknown to Plaintiffs and members of the Expense Reimbursement Class.

40. Plaintiffs are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known Plaintiffs and members of the Expense Reimbursement Class were not being reimbursed for all necessary business expenditures they incurred.

41. As a direct and legal (proximate) result of Defendants' violation of the California Labor Code, Plaintiffs and members of the Expense Reimbursement Class have been damaged. Under California Labor Code section 2802, Plaintiffs and members of the Expense Reimbursement Class are entitled to, and request reimbursement of all necessary expenditures they incurred, interest, penalties,

COMPLAINT

reasonable attorney's fees, and costs, incurred in this action in an amount to be proven at or following trial of this matter.

## SECOND CAUSE OF ACTION
### Violation of Labor Code sections 510, 1198 & Industrial Welfare Commission Wage Order 4-2001, §3(A) – Unpaid Overtime and Double Time
*(Plaintiffs individually, and on behalf of all similarly situated employees, against all Defendants)*
Hourly Employee Class

42.     Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 41 of this Complaint.

43.     At all times herein set forth, California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

44.     At all times herein set forth, California Labor Code section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter "IWC").

45.     At all times herein set forth, IWC Wage Order section 4-2001(3)(A), which is applicable to Plaintiffs and all other similarly situated employees employed by Defendants, has provided that employees working for more than eight (8) hours in one (1) day, and/or more than forty (40) hours in one (1) workweek, are entitled to payment at the rate of one-and-one-half (1 ½) his or her regular rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in one (1) work week.  An employee who works more than twelve (12) hours in one (1) day is entitled to overtime compensation at a rate of twice his or her regular rate of pay.  During this liability period, Plaintiffs and all similarly situated persons worked in excess of forty (40) hours per workweek for each workweek while employed by Defendants throughout the course of employment with Defendants, subject to any workweeks wherein Plaintiffs and Class Members missed workdays as a result of sick

-13-

days, personal emergencies, or anything else that would otherwise interfere with workweek schedules. Defendants required Plaintiffs and the class to work but did not pay Plaintiffs and the class for all hours worked on any given day or in any of the given workweeks herein mentioned as a result of misclassification or as a result of failing to pay the correct regular rate through commissions. Defendants failed to compensate Plaintiffs and all similarly situated persons for work performed in excess of eight (8) hours a day or forty (40) hours per workweek while employed by Defendants, which occurred throughout Plaintiffs and all similarly situated persons' course of employment with Defendant.

46. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½) the regular hourly rate for hours worked in excess of eight (8) hours in one (1) day or forty (40) hours in one (1) week or for the first eight (8) hours worked on the seventh day of work, and at twice the regular hourly rate for hours worked in excess of twelve (12) hours in one (1) day or in excess of eight (8) hours on the seventh day of work.

47. During the relevant time period, more specifically, three years dating back from the filing of the original Complaint, Plaintiffs and all other similarly situated employees frequently worked in excess of eight (8) hours in one (1) workday and forty (40) hours in one (1) work week. During the relevant time period, more specifically, dating back three years from the filing of this Complaint, Plaintiffs and all other similarly situated employees frequently worked in excess of ten (10) hours and often times worked in excess of twelve (12) hours in one (1) workday.

48. On information and belief, Plaintiffs and all similarly situated non-exempt employees of Defendants, were regularly not paid overtime and double-time wages due to their work for Defendants while off-the-clock before/after their shift had ended, and/or while waiting to clock-in after a break. More specifically, Plaintiffs' supervisors (and management), as well as supervisors (and management) of all

similarly situated employees were fully aware that Plaintiffs and all similarly situated employees were not paid overtime and double-time wages in these circumstances. This policy and practice of Defendants requiring Plaintiffs and all similarly situated employees to work off-the-clock directly led to Defendants undercompensating Plaintiffs and other similarly situated employees for overtime and double-time hours worked.

49. Defendant's failure to pay Plaintiffs and all other similarly situated employees the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and is therefore unlawful.

50. Defendants' failure to pay Plaintiffs and similarly situated Class Members the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and 1198 and is therefore unlawful.

51. Section 9 of the applicable Wage Order states:

"When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

52. If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

53. At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage

Order, Defendants failed to compensate Plaintiffs with overtime wages for all hours they worked as a result of its failure to maintain employee uniforms and/or pay them a weekly maintenance allowance.

54.     Plaintiffs are informed and believe that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class Members** with overtime wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

55.     Pursuant to Labor Code section 1194, Plaintiffs and all other similarly situated employees are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorney's fees.

56.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek to recover reasonable attorneys' fees.

57.     Pursuant to Labor Code section 558, Plaintiffs and all other similarly situated employees are entitled to fifty dollars ($50.00) for each pay period for which the employee was underpaid.  This is in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

//

//

COMPLAINT

## THIRD CAUSE OF ACTION
## Violation of Labor Code sections 1194, 1197, and 1197.1 – Minimum Wage
*(Plaintiffs individually, and on behalf of all similarly situated employees, against all Defendants)*
Hourly Employee Class

58.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 57 of this Complaint.

59.    California Labor Code sections 1194, 1197, and 1197.1 provide that minimum wage must be paid to employees in the state of California and the any lesser wage is a violation.

60.    Defendants failed to pay Plaintiffs and Class Members minimum wage at the rates required by the state of California.

61.    Defendants' failure to pay Plaintiffs and Class Members the minimum wage required violates California Labor Code sections 1194, 1197, and 1197.1. Plaintiffs and other Class Members are entitled to recover the balance of any minimum wage compensation.

62.    Plaintiffs and Class Members are entitled to penalties in the amount $100 and $250 for failure to pay minimum wage, and interest, costs, attorneys' fees, and liquidated damages.

63.    Section 9 of the applicable Wage Order states:

"When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

64.    If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly

maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

65.     At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiffs with minimum wages for all hours they worked as a result of its failure to maintain employee uniforms and/or pay them a weekly maintenance allowance.

66.     Plaintiffs are informed and believe that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class Members** with minimum wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

67.     Pursuant to Labor Code section 1194, Plaintiffs and all other similarly situated employees are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorney's fees.

**FOURTH CAUSE OF ACTION**
**Violation of Labor Code sections 226.7, 512(a), and Industrial Welfare**
**Commission Wage Order 4-2001, § 11 – Improper Meal Periods**
*(Plaintiff Kuhlemeier, individually, and on behalf of all similarly situated*
*employees, against all Defendants)*
Meal Period Class

68.     Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 67 of this Complaint.

69.     At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

70.     At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

71.     At all times herein, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

72.     At all times herein, Labor Code section 1198 makes it unlawful to employe a person under conditions that violate the applicable Wage Order of the IWC.

73.     The language of IWC Order No. 4-2001 § 11(B) relating to meal periods tracks the language of the California Labor Code.

74.     During the relevant time period, Kuhlemeier and all other similarly situated security guard employees, who were scheduled to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours without receiving a meal period of not less than thirty (30) minutes.  During the relevant time period, Kuhlemeier and all other similarly situated security guard employees, who were scheduled to work for a period of time in excess of six (6) hours, were required to work in excess of five (5) hours, without receiving a meal period of not less than thirty (30) minutes.

75.     An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the security guard employees with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not

waived.

76.     Upon information and belief, during the relevant time frame, Defendants maintained and enforced an aggressive set of demands for Kuhlemeier and security guard employees with respect to the completion of duties in their positions, thereby requiring Kuhlemeier and all other similarly situated employees to interrupt or shorten their lawful meal periods of thirty (30) uninterrupted minutes while being relieved of all duty.   Kuhlemeier and all other similarly situated security guard employees were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

77.     Upon information and belief, during the relevant time frame, Kuhlemeier and all other similarly situated security guard employees did not receive meal periods; in addition, Defendants' work demands and pressure from Defendants' management, with specific knowledge and/or at the instruction of Defendants, as a result of an implemented policy, regularly required Kuhlemeier and all other similarly situated security guard employees to return to work before completing (constitutes a missed meal period) an uninterrupted meal period of thirty (30) minutes. Upon information and belief, TARGET management, consisting of Store Directors, Executive Team Leads, and Team Leaders entered the break room during meal periods and discussed work related subjects with Plaintiffs, such as tasks completed in their shifts and tasks to be completed during the rest of their shifts. Upon information and belief, during the relevant time frame, Kuhlemeier and all other similarly situated security guard employees often worked shifts in excess of then (10) hours, yet were never provided a second, uninterrupted meal period of thirty (30) minutes for those shifts.

78.     During all relevant periods, Defendants illegally and unlawfully required Kuhlemeier and security guard employees to work through meal periods.  Wage orders required that Kuhlemeier and the Class Members be compensated for the meal periods for which Defendant required Kuhlemeier and the Class Members to work. Defendants

did not provide Kuhlemeier and security guard employees with a meal break(s) during each workweek throughout the course of employment with Defendants. Defendants failed to compensate Kuhlemeier and the security guard employees for these meal periods worked on any given day or during any given workweek. Despite the above-mentioned meal period violations, Defendants never compensated Kuhlemeier, and on information and belief, never compensated all other similarly situated security guard employees on additional hour of pay at their regular rate as required by California law when meal periods were not provided.

79. At all relevant times, Kuhlemeier was not subject to a valid on-duty meal period agreement. Kuhlemeier is informed and believes that, at all relevant times, the Meal Period Class was not subject to valid on-duty meal period agreements with Defendants.

80. Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, section 11(B), Kuhlemeier and all other similarly situated employees are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

### FIFTH CAUSE OF ACTION
**Violation of Labor Code section 226.7(a), and Industrial Welfare Commission Wage Order 4-2001, § 12 – Improper Rest Breaks**
*(Plaintiff Kuhlemeier, individually, and on behalf of all similarly situated employees, against all Defendants)*
Rest Break Class

81. Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 80 of this Complaint.

82. At all times herein, Labor Code section 218 authorizes employees to sue

directly for any wages or penalty due to them under this article of the California Labor Code. Labor Code section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

83. IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Kuhlemeier allege that Defendants did not provide Kuhlemeier and all other similarly situated security guard employees proper uninterrupted rest periods that they were legally entitled to. Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that due to business demands often required Kuhlemeier and all other similarly situated employees to shorten (constitutes a missed rest break) or forego their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof.

84. At all times herein, Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order of the IWC.

85. Defendants instituted a company-wide policy that demanded Kuhlemeier and all other similarly situated security guard employees to work through their rest periods. Upon information and belief, TARGET management, consisting of Store Directors, Executive Team Leads, and Team Leaders entered the break room during meal periods and discussed work related subjects with Plaintiffs, such as tasks completed in their shifts and tasks to be completed during the rest of their shifts. Defendant illegally and unlawfully required Kuhlemeier and members of the Class to

work through rest periods. Wage orders required that Kuhlemeierand the security guard employees be compensated for the rest periods for which Defendants required Kuhlemeier and the Class Members to work. Defendants did not provide Kuhlemeier and security guard employees with a rest break(s) during each workweek throughout the course of employment with Defendants. Defendants failed to compensate Kuhlemeier and the security guard employees for these rest periods worked on any given day or in any given workweek by either forcing them to miss their rest breaks or failing to pay Kuhlemeier and security guard employees the time during their rest breaks.

86. "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation*." (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872 (emphasis added); *see also Sheppard v. North Orange County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).) "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).) "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry." (*Brinker*, 53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An

employer has a duty to authorize and permit rest breaks.").) "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).) "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070, § 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").) "The wage order's requirement not to deduct wages for rest periods presumes [employees] are paid for their rest periods." (*Bluford*, 216 Cal.App.4th at 871.) "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.). Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7.

87. Defendants' compensation plan is in direct violation of rule established above, including as enunciated in *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7, regarding compensation for rest breaks pursuant to California law. Defendants' compensation plan pays zero wages for time spent on off duty rest breaks. Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Kuhlemeier and all other similarly situated security guard employees are entitled to recover from Defendant one (1) additional hour of pay at the employee's 'regular rate' of compensation for each rest period (a) that was not authorized and permitted, and/or (b) that was not paid time for a three-year statutory period dating back from the date of the commencement of this action. Kuhlemeier, on information and belief and based upon such basis, alleges that Kuhlemeier and the security guard employees, were systematically not permitted and/or authorized and/or paid to take one (1) ten (10) minute rest period (off duty for ten consecutive minutes) for every four (4) hours worked or major fraction thereof, which is a violation of the

Labor Code and IWC wage order 4-2001, section 12. Kuhlemeier and the security guard employees were not compensated for rest breaks and were not paid for rest break time. Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

88. Defendants' conduct, as alleged herein, violates Labor Code section 226.7(a), which authorizes that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

89. Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Kuhlemeier and the other security guard employees are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided, for a three-year statutory period dating back from the date of the commencement of this action. Kuhlemeier, on information and belief, allege that security guard employees, were systematically not permitted or authorized to take one (1) ten (10) minute rest period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 4-2001, section 12.

90. On shifts where Kuhlemeier worked in excess of three and half hours, she was routinely not permitted and authorized to take lawful rest periods. Kuhlemeier on information and belief, alleges that security guard employees, were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands. By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by its non-exempt security guard employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendant willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

//

## SIXTH CAUSE OF ACTION
## Violation of Labor Code section 226(a) – Improper Wage Statements
*(Plaintiffs individually, and on behalf of all similarly situated employees, against all Defendants)*
Wage Statement Penalties Class

91.     Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 90 of this Complaint.

92.     Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

93.     Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and the other Class Members were intentionally not provided accurate wage statements and did not provide Plaintiffs and Class Members with the option to receive paper wage statements, pursuant to Labor Code section 226(a) by Defendant, because it was Defendants' intent to avoid paying Plaintiff and all other similarly

situated employees, the correct wages that Plaintiff and all other similarly situated employees were legally entitled to in order for Defendants to generate greater profits at the expenses of Plaintiff and all similarly situated employees.

94. Defendants also violated California Labor Code section 226, which requires wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiffs and all other similarly situated employees, and such violations flow from Defendants' improperly policies and practices, their implementation and enforcement by Defendants, and the violations alleged in the preceding causes of action and herein. Defendants' intentional conduct by failing to provide Plaintiffs and all similarly situated employees with accurate wage statements have caused Plaintiffs and all similarly situated employees to suffer injury in fact by depriving them of their wage records. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiffs and all other similarly situated employees have been, would have been, and are compelled to discover for accuracy, the required information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them and Defendants failed to include premium payments for meal and rest break violations. Given the violations addressed above and the resulting inaccuracies in the wage statements provided by Defendants to Plaintiffs and all other similarly situated employees, Defendants have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to their hours worked. Defendants' Labor Code section 226 violations further injured aggrieved employees by rendering them unaware of the full compensation to which there were entitled under applicable provisions of the California Labor Code

and applicable IWC Wage Orders, and Defendant's aggrieved employees have been accordingly rendered unaware of how to calculate such compensation.

95.     Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and all other similarly situated employees are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code Section 226(a) or an aggregate penalty not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

## SEVENTH CAUSE OF ACTION
### Violation of Labor Code sections 201-203 – Wages Not Paid Upon Separation
*(Plaintiffs individually, and on behalf of all similarly situated employees, against all Defendants)*
Waiting Time Penalties Class

96.     Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 95 of this Complaint.

97.     At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

98.     At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

99.     During the relevant time period, Defendants failed to pay Plaintiffs and all other similarly situated employees, who are no longer employed by Defendant, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two

(72) hours of their leaving Defendants' employ.

100. Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation from employment. Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed thirty (30) days of wages. Plaintiffs and all other similarly situated employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and premium payments for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling to wages.

101. Defendants' failure to pay Plaintiffs and all other similarly situated employees, who are no longer employed by Defendants, all wages earned at the time of their discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of Labor Code sections 201-203.

102. Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. Plaintiffs and all other similarly situated employees, who are no longer employed by Defendants, are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code section 203.

//

//

# EIGHTH CAUSE OF ACTION
## Violation of Business and Professions Code section 17200, et seq.
*(Plaintiffs individually, and on behalf of all similarly situated employees, against all Defendants)*
### Unfair Competition Law (UCL) Class

103.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 102.

104.    Defendants' conduct, as alleged herein, including not paying Plaintiffs and the other Class Members for all wages owed, including overtime wages, wages for missed meal periods and missed rest periods, not reimbursing Plaintiffs and all other similarly situated employees for business expenses; not providing Plaintiffs and all other similarly situated employees with inaccurate wage statements; and not paying Plaintiffs and all other similarly situated employees all wages due upon separation from Defendants, has been, and continues to be unlawful and unfair, and harmful to Plaintiffs and all other similarly situated employees, and the general public.

105.    Defendants' activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

106.    Plaintiffs and all other similarly situated employees have been personally aggrieved by Defendants' unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

107.    Defendants have failed and refused to pay Plaintiffs and Class Members overtime wages in violation of the wage and hour overtime regulations established by California law, wherein Plaintiffs and all other similarly situated employees are non-exempt. More specifically, Defendants' conduct violated laws by failing to pay overtime wages to Plaintiffs and all other similarly situated employees, who regularly

worked in excess of eight (8) hours in one (1) day and/or forty (40) hours per workweek. Defendants have failed and refused to provide Plaintiffs and Class Members with meal and rest breaks in violation of the California Labor Code §§226.7(a) and 512. Defendants have failed to reimburse Plaintiffs and Class Members business expenses pursuant California Labor Code §2800 and 2802. Defendants have failed to provide Plaintiffs and similarly situated employees with accurate wage statements pursuant to California Labor Code section 226 as a result of failing to lawfully compensate Plaintiffs and similarly situated employees. Defendants have failed to provide Plaintiffs and similarly situated employees with the wages owed upon separation pursuant to California Labor Code section 201-203. Defendants have failed to keep accurate payroll records, and failed to pay minimum wages. Defendants violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiffs and Class Members suffered an economic hardship in order for Defendants to pursue monetary gain.

108. A violation of Business and Professions Code section 17200, et seq. may be predicated on the violation of any state and/or federal law.

109. Pursuant to Business and Professions Code section 17200, et seq., Plaintiffs and the other all other similarly situated employees are entitled to restitution of the minimum and overtime wages withheld and retained by Defendant during a period that commences four (4) years prior to the filing of this Complaint; meal and rest break premiums; waiting time penalties; reimbursement; a declaration that the above business practices are unlawful and unfair; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and all other similarly situated employees. Plaintiffs, individually, on behalf of all similarly situated employees, and on behalf of the general public through their respective attorneys are serving to enforce an important right of the prompt payment of wages due to employees that affects the affecting a significant public interest.

110.   Plaintiffs through this action are conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (at this time believed to exceed 300-500 Class Members), there exists a necessity (Defendants have maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate, which should not in the interest of justice be taken out of any award since these any disgorgement or restitution to Plaintiffs and Class Members are owed to them as wages for time worked while employed by Defendants.

### NINTH CAUSE OF ACTION
### <u>Violation of PAGA</u>
*(Plaintiffs individually, and on behalf of all similarly aggrieved employees, against all Defendants)*

111.  Plaintiffs re-alleges and incorporate by reference paragraphs 1 through 110 as though fully set forth herein.

### <u>**PRIVATE ATTORNEY GENERAL ACT**</u>

112.  PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

113.  On March 2, 2023, Plaintiffs provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code they contend were violated, and the theories supporting their contentions.  Plaintiffs believe that on or about May 8, 2023, the sixty-five (65) days notice period expired and the LWDA did not take any action to investigate or prosecute this matter.   Therefore, Plaintiffs have exhausted the statutory time period to bring this action.

114. Plaintiffs and the other non-exempt employees are "aggrieved employees" as defined by California Labor Code § 2699(c). For the wage statement and reimbursement violations, the aggrieved employees consist of all current or former employees of Defendants, and one or more of the alleged violations were committed against them (collectively "aggrieved employees").

### Failure to Provide Complete and Accurate Wage Statements

115. Defendants do not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Defendants failed to provide accurate and complete information, as specified in items above as set forth in section 226(a).

116. California Labor Code Section 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

117. Plaintiffs and the other aggrieved employees suffered injuries as defined and set forth in California Labor Code Section 226(e) because, in addition to Defendants' failure to provide accurate and complete information, as specified in items above (as set forth in section 226(a)), Plaintiffs and the other aggrieved employees could not "promptly and easily determine" from the wage statements alone the correct hourly rate in effect during the pay period (i.e., without reference to other documents or information), nor was the overtime rate or the hours worked provided in the statements accurate.

118. During the applicable time period, Defendants failed to provide Plaintiffs and the other aggrieved employees with timely and accurate wage and hour statements showing gross wages earned, net wages earned, overtime pay, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate by that individual.

119. Defendants failed to provide Plaintiffs and aggrieved employees with the option of receiving paper wage statements.

120. As alleged herein, Plaintiffs and aggrieved employees are/were not exempt from the requirements of California's labor laws and regulations. Plaintiffs and the California Class Members were and will be injured by Defendant's failure to

comply with the aforementioned requirements for time records and wage statements.

121.    At all times relevant herein, Defendants were required to both provide and keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226 and 1174.

122.    As a result of Defendant's various Labor Code violations, Defendant failed to keep accurate records regarding Plaintiffs and other aggrieved current and former employees.  For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiffs and other aggrieved current and former employees' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

### Failure to Reimburse Business Expenses

123.    At all times relevant herein, Defendants was required to reimburse its employees for any and all necessary expenditures or losses incurred by the employees in direct consequences of the discharge or his or her duties pursuant to the mandate of Labor Code §§ 2800 and 2802, et seq.

124.    As a pattern and practice, Defendants failed to pay Plaintiffs and other aggrieved current and former employees all business expenses incurred and owing them within the required time period, including but not limited to cell phones usage and purchasing uniform clothing while performing work for Defendants.

### Failure to Provide Rest and Meal Breaks

125.    In accordance with the mandates of Labor Code §§ 226.7, Defendants were required to authorize and permit their non-exempt employees to take a paid off duty 10-minute rest break for every four (4) hours worked or major fraction thereof, and were further required to provide their non-exempt employees with an off duty 30-minute meal period for every five (5) hours worked.

126.    As a pattern and practice, Defendants failed to provide Plaintiffs and other aggrieved security guard current and former employees with legally mandated

rest periods and failed to authorize and permit legally mandated rest breaks, and failed to compensate them premium wages. Defendants required Plaintiffs and aggrieved current and former employees to work through, interrupt, or cut short their rest breaks to complete their daily workload and satisfy the company's expectations, without compensation.

### Failure to Timely Pay Wages During Employment

127. At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code §§ 204 and 210.

128. As a pattern and practice, Defendants regularly failed to timely pay Plaintiffs and aggrieved employees all wages due and owing them within the required time period.

### Failure to Maintain Accurate Employment Records

129. Pursuant to Labor Code §§ 1174, and 1174.5, Defendants were required to maintain accurate employment records for Plaintiffs and aggrieved employees of including but not limited to time records, pay stubs, clock in and clock out, meal break periods, rest break periods, and the employment file itself.

130. As a pattern and practice, Defendants failed to maintain accurate employment records regarding employment for Plaintiffs and aggrieved employees and as a result, Defendant have violated Labor Code §§ 1174, and 1174.5.

### Penalties

131. Pursuant to California Labor Code § 2699, Plaintiffs, individually, and on behalf of other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees and costs pursuant, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

a. Penalties under California Labor Code § 2699 in the amount of a

hundred dollars

($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b.      Penalties under California Civil Code § 226(e) in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c.      Penalties under Labor Code § 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

d.      Any and all additional penalties as provided by the Labor Code and/or other statutes; and

e.      Attorneys' fees and costs pursuant to Labor Code §§ 226(e), 2802, et seq. 2699, and any other applicable statute.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury for all issues so triable.

//

//

COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and as representative of other aggrieved current and former employees pursuant to PAGA, prays for judgment as follows:

1. Upon the Cause of Action, for civil penalties pursuant to statute as set forth in Labor Code § 2698 *et seq*., for Defendants' violations of Labor Code §§ 226, 226.7, 2802, et seq.

2. Upon the Cause of Action, for costs and attorneys' fees pursuant to Labor Code §§ 226(e), 2802, et seq., and 2699, and any other applicable statute; and

3. For such other and further relief the court may deem just and proper.

Dated: July 18, 2023                    **NATHAN & ASSOCIATES, APC**

By: */s/ Reuben D. Nathan*
Reuben D. Nathan
*Attorneys* for Plaintiffs
ALEXANDER WILKINS and
BRITTANY KUHLEMEIER,